IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LISA ANN McKINLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 7:15-cv-00166-GEC |
| ) | |
| THE SALVATION ARMY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESS AND EXHIBIT LIST**

The Salvation Army, by counsel, submits its Objections to Plaintiff's Witness and Exhibit List. The parties filed their witness and exhibit lists with the Court on July 18, 2016. Though the parties have seven days to file objections thereto, the parties have agreed to file objections early so that the Court may hear said objections at the pre-trial motions hearing set for July 22, 2016.

Objection to Plaintiff's Witness List

1. The Salvation Army objects to Plaintiff calling Professor Malbon as a witness at trial. The reasons for this objection are set forth in the Motion *in Limine* to Exclude Plaintiff's Expert Dr. Elizabeth Struthers Malbon, previously filed with the Court.

2. The Salvation Army objects to Plaintiff calling Lola Byrd, Psy. D. in the liability phase of the trial. Though Plaintiff treated with Dr. Byrd well before her employment with The Salvation Army began, she did not treat with her at all during the time she was employment there. Her first treatment with Dr. Byrd during 2013 was after she resigned her employment with The Salvation Army. Dr. Byrd did not treat her throughout her employment for issues that Plaintiff can attempt to relate to her allegedly hostile work environment. Accordingly, any testimony she can arguably present relates, at best, to Plaintiff's damages and must be reserved for the damages phase of this case.

Objection to Plaintiff's Exhibit List

1. With regard to Plaintiff's proposed exhibits 1, 4 and 5 (declarations of Evelyn Jordan, David Winley and Mike Moffitt), The Salvation Army objects to them on the ground that they are hearsay and Plaintiff has not shown that these witnesses are unavailable to testify at trial.

2. The Salvation Army objects to Plaintiff's proposed exhibit 3 (Organizational Chart) on the grounds of foundation and that it is irrelevant. Plaintiff's name does not appear on this Organizational Chart, nor does her position of Rapid Re-Housing Coordinator. This exhibit has nothing to do with Plaintiff's hostile work environment allegations and, seemingly, has nothing to do with Plaintiff's employment at The Salvation Army at all. The Salvation Army anticipates that Plaintiff will attempt to use this exhibit in an effort to prove that Mike Moffitt was her supervisor while she worked there. However, Plaintiff's position was unique in that she was the first and only Rapid Re-Housing Coordinator, and worked with clients at both the Red Shield Lodge and the Turning Point shelters. Because of the voluminous case load, she performed some case management work with clients at the Red Shield Lodge. Her role at The Salvation Army was unique and not analogous to the roles of any of the individuals listed on the Organizational Chart.

3. The Salvation Army objects to Plaintiff's proposed Exhibit 10 (Curriculum Vitae of Plaintiff's Expert Witness Prof. Elizabeth S. Malbon) for the reasons set forth in its Motion *in Limine* to Exclude Plaintiff's Expert Dr. Elizabeth Struthers Malbon, previously filed with the Court. In the event Dr. Malbon's testimony is excluded from the trial, there will be no need for her curriculum vitae to be admitted into evidence.

4. The Salvation Army objects to Plaintiff's proposed Exhibits 11 and 39 (Expert Witness Report of Prof. Elizabeth S. Malbon and reading the report into evidence) for the reasons set forth in its Motion *in Limine* to Exclude Plaintiff's Expert. Further, the report itself constitutes hearsay because, by its very definition, hearsay is an out-of-court statement offered for the truth of

the matter asserted. The report falls squarely into this definition. Admitting the expert report into evidence would also elevate Professor Malbon's testimony above that of others. The jury is not permitted to take transcripts of other testimony to the jury room for deliberations, and permitting Professor Malbon's report would be effectively allowing the jury to take her testimony back with them. Reading Professor Malbon's report into evidence is impermissible for the same reasons that the report itself should not be made an exhibit – it is hearsay in its purest form.

5. The Salvation Army objects to Plaintiff's proposed Exhibit 14 (Plaintiff's Complaint). It is unclear for what purpose Plaintiff's purports to offer her Complaint, but it is a pleading that is not admissible evidence. A Complaint is a statement by an attorney making allegations, many of which at times are later determined to be unsupported by the evidence. Further, the allegations in a Complaint, to the extent they are statements by Plaintiff, constitute inadmissible hearsay. Jurors are not permitted to take the opening and closing statements of the lawyers back to the jury room for deliberations, and statements by Plaintiff's counsel in the Complaint should be treated no differently.

6. The Salvation Army objects to Plaintiff's proposed Exhibit 16 (All documents generated by the EEOC regarding the instant matter). This proposed exhibit contains over 60 pages from the EEOC file received in this matter. It includes, among other things, attorney communications, hearsay statements by Plaintiff, inadmissible declarations, communications from the EEOC and EEOC form documentation. The contents of this exhibit should not be admitted into evidence, as the documents contain information for which there is no foundation, hearsay, irrelevant information and attorney communications that are not evidence. The entire contents of an EEOC file have been held inadmissible – each individual item within the file must be analyzed separately to determine admissibility. *Cruz v. Aramark Servs.*, 213 Fed. Appx., 329, 332-333 (5th Cir. 2007);

*McClure v. Mexia Independent School Dist.*, 750 F.2d 396, 400 (5th Cir. 1985); *Byers v. Alamance Cnty.*, 2015 U.S. Dist. LEXIS 91807, *12-14 (M.D. N.C. 2015).

  7. Similarly, The Salvation Army objects to Plaintiff's proposed Exhibit 17 (Plaintiff's EEOC Charge). Plaintiff's Charge is her statement to the EEOC with the claims she brings against The Salvation Army, and constitutes hearsay when introduced by Plaintiff herself.

  8. The Salvation Army objects to Plaintiff's proposed Exhibits 18 and 19 (Plaintiff's Medical Records from Dr. Byrd and Dr. Cummings) as they contain inadmissible hearsay and, if the providers themselves are planning to testify, are cumulative. Several of the records identified are merely Plaintiff's counsel's request for the records and an authorization form. These documents have no relevance and such attorney communications are inadmissible. Several of the other records contained in these exhibits contain opinions from providers other than Drs. Byrd and Cummings. For instance, one of the records is a letter from Dr. Harron with his opinions as to Plaintiff's care. This is inadmissible hearsay, as Plaintiff has not identified Dr. Harron as a witness. Further, The Salvation Army objects to the use of this information during the liability phase of the case, as the information contained in the medical records – especially those of Dr. Byrd – are relevant only to Plaintiff's alleged damages.

  9. The Salvation Army objects to Plaintiff's Exhibit 20 (All Exhibits attached to Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment). A list of the exhibits to Plaintiff's Brief in Opposition is attached hereto as **Exhibit A.** Of the 22 exhibits, 12 of them are deposition transcripts or inadmissible declarations. None of the witnesses deposed have been deemed unavailable for trial. Further, deposition transcripts themselves are inadmissible – if a witness appears by deposition, the deposition is read into evidence. As to the declarations, they constitute pure hearsay. For the reasons previously stated in this filing, The Salvation Army also objects to the admission of the Organizational Chart, Professor Malbon's curriculum vitae and

Professor Malbon's expert report. The Salvation Army does not object to the following proposed exhibits to the extent proper foundation is laid and the exhibits are used in ways compliant with the Federal Rules:

- ECF 38-6, Kenneth Argot's November 15, 2013 correspondence to Plaintiff re: results of the internal investigation
- ECF 38-13, Defendant's Supplemental Response to Plaintiff's Request for Admission
- ECF 38-15, Susan Latta's Disciplinary Notice, executed November 18, 2013
- ECF-38-16, Michael Moffitt's Disciplinary Notice, executed November 18, 2013
- ECF 38-17, Kevin Cashion's Disciplinary Notice, executed November 18, 2013
- ECF 38-20, Kenneth Argot and Michael Moffitt's August 15, 2013 email exchange
- ECF 38-21, Defendant's Answers to Plaintiff's Interrogatories.

10. The Salvation Army objects to Plaintiff's proposed Exhibit 21 (55-second video of Mr. Cashion re-employed by the Salvation Army) on the grounds of relevance and lack of foundation. To The Salvation Army's knowledge, no one from WSLS – the station that played the video – has been subpoenaed to testify to its authenticity. Further, this video aired on November 16, 2015 – over two years after Plaintiff quit her employment with The Salvation Army. It has absolutely no relevance in this matter.

11. The Salvation Army objects to Plaintiff's proposed Exhibit 24 (Separation from Work Documents) as it contains hearsay from Plaintiff and other employees at The Salvation Army.

12. The Salvation Army objects to Plaintiff's proposed Exhibit 25 (Defendant's Statement of Position submitted to the EEOC) on the grounds that it is unauthenticated and constitutes hearsay.

13. The Salvation Army objects to Plaintiff's proposed Exhibit 26 (Explicit text message and photograph sent to Plaintiff from Mr. Cashion) for the reasons set forth in its motion *in limine*, previously filed with the Court.

14. The Salvation Army objects to Plaintiff's proposed Exhibit 27 (All responses to Plaintiff's discovery requests) to the extent the discovery responses are not authenticated or not offered in a way compliant with the Federal Rules.

15. The Salvation Army objects to Plaintiff's proposed Exhibit 29 (Williams CV & Damages Report) on grounds that they are inadmissible in the liability phase of the case. In the event this matter proceeds to damages, the report itself is hearsay and cumulative of what Williams will likely testify to.

16. The Salvation Army objects to Plaintiff's proposed Exhibit 30 (Plaintiff Letter). Exhibit 30 contains two letters from an attorney, John Wood, and one letter from the EEOC. All three letters are unauthenticated and constitute hearsay. Further, The Salvation Army cannot determine how any of these letters are relevant to this matter.

17. The Salvation Army objects to Plaintiff's proposed Exhibit 31 (Plaintiff's written responses to Defendant's discovery requests) because said responses constitute hearsay. Further, The Salvation Army objects to the extent Plaintiff attempts to use these or any discovery responses in a manner not permitted by the Federal Rules.

18. The Salvation Army objects to Plaintiff's proposed Exhibit 37 (Job Descriptions) on the ground that they are not relevant to this matter. In her Opposition to Defendant's Motion for Summary Judgment, Plaintiff avers that she was not permitted to transfer to another position within The Salvation Army even though other positions were available. She offers this in support of her constructive discharge claim in an effort to show that The Salvation Army should have done more

for her following her complaints and that she was forced to quit.  Because the Court dismissed Plaintiff's constructive discharge claim, this information is no longer relevant to this matter.

### Objection to Plaintiff Reading Captain Ken Argot's Deposition into Evidence

The Salvation Army objects to Plaintiff reading Captain Argot's deposition into evidence at trial.  Captain Argot is not an unavailable witness and is planning to appear live to testify at trial.  Accordingly, reading his deposition into evidence is unnecessary.

For the foregoing reasons, The Salvation Army respectfully requests that this Court exclude from evidence in the trial of this matter certain of Plaintiff's witnesses and proposed exhibits as outlined above.

Respectfully submitted,

THE SALVATION ARMY

/s/  *Catherine J. Huff*
Of Counsel

Paul G. Klockenbrink (VSB No. 33032)
Catherine J. Huff (VSB No. 78610)
GENTRY LOCKE
900 SunTrust Plaza
P.O. Box 40013
Roanoke, Virginia  24022-0013
(540) 983-9300
Fax: (540) 983-9400
E-mail: Klockenbrink@gentrylocke.com
        Huff@gentrylocke.com
*Counsel for Defendant The Salvation Army*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of July, 2016, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following:

    Thomas E. Strelka, Esq. (VSB#75488)
    L. Leigh R. Strelka, Esq. (VSB #73355)
    Strelka Law Office, PC
    119 Norfolk Avenue, SW
    Suite 330, Warehouse Row
    Roanoke, VA 24011
    540-283-0802
    thomas@strelkalaw.com
    leigh@strelkalaw.com
      *Counsel for Plaintiff Lisa A. McKinley*

    ***/s/ Catherine J. Huff***
    Paul G. Klockenbrink (VSB No. 33032)
    Catherine J. Huff (VSB No. 78610)
    GENTRY LOCKE
    900 SunTrust Plaza, P.O. Box 40013
    Roanoke, VA 24022-0013
    (540) 983-9300
    Fax: (540) 983-9400
    E-mail: Klockenbrink@gentrylocke.com
           Huff@gentrylocke.com
    *Counsel for Defendant The Salvation Army*