CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 27 2017

JULIA C. DUDLEY, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

LISA ANN MCKINLEY, )
 )
    Plaintiff, ) Civil Action No. 7:15CV00166
 )
v. ) **MEMORANDUM OPINION**
 )
THE SALVATION ARMY, ) By: Hon. Glen E. Conrad
 ) Chief United States District Judge
    Defendant. )

This case is presently before the court on the defendant's bill of costs, filed pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. For the reasons that follow, the court will award the defendant costs in the amount of $4,728.90.

## Procedural History

On April 10, 2015, the plaintiff filed this action against the defendant, her former employer, claiming that she was subjected to gender discrimination, retaliation, and a sexually hostile work environment, in violation of Title VII of the Civil Rights Act of 1964. On June 14, 2016, the court granted summary judgment to the defendant on the claims of gender discrimination and retaliation. On August 3, 2016, a jury found in favor of the defendant on the hostile work environment claim. The following day, the court entered final judgment in favor of the defendant. On April 18, 2017, the judgment was affirmed by the United States Court of Appeals for the Fourth Circuit.

The case is now before the court on the defendant's request for an award of costs in the amount of $6,856.80. The matter has been fully briefed and is ripe for review.

## Summary of the Applicable Law

"Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs 'should be allowed to the prevailing party' unless a federal statute provides otherwise." Williams v. Metro Life Ins. Co., 609 F.3d 622, 636 (4th Cir. 2010) (quoting Fed. R. Civ. P. 54(d)(1)). Thus, the rule "creates the presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). Although the court has the discretion to deny an award of costs, it must "articulat[e] some good reason for doing so," in order to "overcome the presumption." Id. (internal citation and quotation marks omitted). "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011). Although the unsuccessful party's "good faith in pursuing an action is a virtual prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." Id. (internal citation and quotation marks omitted).

The particular expenses that may be taxed as costs under Rule 54(d)(1) are set forth in 28 U.S.C. § 1920. That statute provides, in pertinent part, as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

2

|     |     |
| --- | --- |
| (5) | Docket fees under section 1923 of this title; and |
| (6) | Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. |

28 U.S.C. § 1920.

## Discussion

### I. The presumption in favor of awarding costs

Upon review of the record, the court finds that the plaintiff has not identified any circumstances sufficient to overcome the presumption in favor of awarding costs to the prevailing party. In her brief in opposition to the defendant's bill of costs, the plaintiff claims that the defendant achieved only a "limited victory" in this case, and that the "closeness and difficulty of the issues decided" justifies denying an award of costs. As summarized above, however, the defendant was awarded summary judgment on two of the plaintiff's claims under Title VII, and ultimately prevailed at trial on the remaining claim. Thus, contrary to the plaintiff's assertions, the defendant's victory was not limited. Nor was the case, which took only three days to try, particularly complicated or difficult. See Grochowski v. Sci. Applications Int'l Corp., No. ELH-13-3771, 2017 U.S. Dist. LEXIS 4512, at *8, 2017 WL 121743, at *4 (D. Md. Jan. 12, 2017) (rejecting a similar argument in a Title VII case and noting that "[c]ourts that have denied costs based on this factor generally have done so following a lengthy trial that adjudicated novel issues") (collecting cases). Instead, it involved a straightforward application of well-established Title VII principles and Supreme Court precedent, including the Court's decision in Vance v. Ball State Univ., 133 S. Ct. 2434, 2439 (2013) (holding that "an employee is a 'supervisor' for purposes of

vicarious liability under Title VII if he or she is empowered by the employer to take tangible employment actions against the victim").*

The plaintiff also contends that the nature of the lawsuit, involving sexual harassment in the workplace, justifies denying the requested costs. The plaintiff claims that taxing costs against her could dissuade others from seeking relief under Title VII. This argument, however, was rejected by the Fourth Circuit in Cherry, 186 F.3d at 448. In that case, which also involved alleged violations of Title VII, the Court explained as follows:

> The language of Rule 54(d)(1) does not provide that the presumptive award of costs may be defeated because of the nature of the underlying litigation. On the contrary, it provides that "except when express provision therefor is made either in a statute of the United States or in these rules," the cost-shifting to the prevailing party otherwise applies to all cases, including Title VII cases. Because any public interest exception thus must be contained explicitly in a statute or rule, Rule 54(d)(1) should not be interpreted to include a public interest exception as defined by the judiciary on a case by case basis.

Id. (emphasis in original). The Cherry Court further explained that Title VII "already contains incentives to serve the public interest . . . . For example, it provides that 'the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs.'" Id. (quoting 42 U.S.C. § 2000e-5(k)) (second omission in original). Such provision "advances the congressional purpose to encourage suits by victims of discrimination while deterring frivolous litigation." Id. (citation and internal quotation marks omitted). The Court

---

*As indicated above, the instant case proceeded to trial on the plaintiff's claim that she was subjected to a sexually hostile work environment. The jury found that the plaintiff failed to prove that the sexual harassment was perpetrated by a "supervisor," as defined in Vance. The jury also found that the plaintiff failed to prove that the defendant knew or should have known of harassment perpetrated by nonsupervisory coworkers and failed to take remedial action reasonably calculated to end the harassment. Based on the jury's findings, the defendant was entitled to judgment on the hostile work environment claim. See Vance, 133 S. Ct. at 2439 ("If the harassing employee is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions."); EEOC v. Sunbelt Rentals, Inc., 521 F.3d 306, 319 (4th Cir. 2008) ("An employer is liable for harassment by the victim's coworkers only if it knew or should have known about the harassment and failed to take effective action to stop it . . . [by] respond[ing] with remedial action reasonably calculated to end the harassment.") (citations and internal quotation marks omitted).

4

emphasized that "it is not for the district courts to add a similar type of provision as an exception to Rule 54(d)(1)." Id.

For these reasons, and because no other factor weighs in the plaintiff's favor, the court finds that the circumstances in this case are not sufficient to overcome the presumption that favors awarding costs to the prevailing party.

## II. The costs requested by the defendant

The particular costs at issue in this case include: (1) $5,801.34 in transcript fees; (2) $531.26 in witness fees and mileage expenses; and (3) $524.20 in printing and copying fees. The court will address each category in turn.

### A. Transcript fees

The first category of expenses includes $5,801.34 in fees paid for obtaining deposition transcripts, a videotape of the plaintiff's deposition, and a daily trial transcript.

Section 1920 allows a court to tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The cost of a deposition transcript is generally recoverable if it is "reasonably necessary at the time of its taking." LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). In this case, the court agrees that all of the depositions at issue, which were of the plaintiff and her former coworkers and supervisor, were reasonably necessary to the litigation at the time they were taken. Accordingly, the defendant will be awarded the fees paid for the deposition transcripts.

On the other hand, the court declines to tax the cost of ordering the videotape of the plaintiff's deposition, since the defendant also obtained a copy of the deposition transcript. While there may be circumstances in which a transcript and a videotape of a deposition may be necessary,

5

the defendant has failed to explain why both recording methods were necessary in the instant case. Accordingly, the costs associated with obtaining the videotape of the plaintiff's deposition will not be taxed against the plaintiff, and the bill of costs will be reduced by $965.00.

The court likewise declines to tax the costs of the daily trial transcript ordered by the defendant. While the transcript may have been helpful to defense counsel in preparing for various aspects of trial, the court is unable to conclude that it was necessary in this particular case. As such, the defendant's bill of costs will be further reduced by $974.05.

### B. Witness fees and mileage expenses

The defendant also seeks to recover witness fees and mileage expenses. A prevailing party may recover fees for witnesses under 28 U.S.C. § 1920(3). Available expenses include attendance and mileage fees, as specified in 28 U.S.C. § 1821. The attendance fee for witnesses is $40.00 per day. 28 U.S.C. § 1821(b). Additionally, witnesses who travel by privately owned vehicle are entitled to be paid "[a] travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to [5 U.S.C. § 5704], for official travel of employees of the Federal Government." 28 U.S.C. § 1821(c)(2). The standard mileage rate for 2015, when three of the witnesses were deposed, was 57.5 cents per mile. See 5 U.S.C. § 5704; IRS Bulletin 2014-53, Notice 2014-79 § 3 (Dec. 29, 2014), available at http://www.irs.gov/irb/2014-53_IRB/ar08.html. The standard mileage rate for 2016, when three of the witnesses appeared for trial, was 54 cents per mile. See IRS News Release IR-2015-137 (Dec. 17, 2015), available at http://www.irs.gov/uac/newsroom/2016-standard-mileage-rates-for-business-medical-and-moving-announced.

In this case, the defendant seeks to recover attendance and mileage fees paid to six of the plaintiff's former coworkers, who were deposed by the defendant and/or called to testify at trial. The court is of the opinion that all of these witnesses were reasonably necessary, and thus the

defendant is entitled to recover the applicable attendance and mileage fees. Those fees, calculated at the rates set forth above, total $530.51.

### C. Printing and copying expenses

The final category of requested expenses includes $322.90 for copies produced in-house at a cost of $ 0.10 per page. It also includes $201.30 in expenses incurred in obtaining copies of the plaintiff's medical records from various health care providers.

The costs of printing copies of documents are reimbursable under 28 U.S.C. § 1920 when they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). This provision "encompasses discovery-related costs" and is not limited to "materials attached to dispositive motions or produced at trial." Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc., 718 F.3d 249, 257 (4th Cir. 2013). While taxable expenses include copies "submitted to the court and provided to opposing counsel," copies made for a party's own convenience are not allowed. Kennedy v. Joy Techs., Inc., 484 F. Supp. 2d 502, 505 (W.D. Va. 2007) (Jones, J.); see also Webb v. Kroger Ltd. P'ship I, No. 7:16-CV-00036, 2017 U.S. Dist. LEXIS 94775, at *12, 2017 WL 2651721, at *5 (W.D. Va. June 19, 2017) (Urbanski, J.); Schwarz & Schwarz of Va., LLC v. Certain Underwriters at Lloyd's, No. 6:07-CV-00042, 2010 U.S. Dist. LEXIS 10753, at *28, 2010 WL 452743, at *9 (W.D. Va. Feb. 8, 2010) (Moon, J.).

In this case, the defendant's itemized list of in-house copying expenses includes costs associated with printing copies of documents filed by, or received directly from, the plaintiff and the court. Consistent with the foregoing decisions, the court declines to tax these costs, totaling $188.10, against the plaintiff. However, the costs of the remaining documents, including the plaintiff's medical records, which were not obtained merely for the convenience of defense counsel, will be awarded to the defendant.

## Conclusion

In accordance with the rulings set forth above, the court will grant in part and deny in part the defendant's request for an award of costs. Litigation costs in the amount of $4,728.90 will be taxed against the plaintiff.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 21st day of June, 2017.

_____
Chief United States District Judge